### DAVE COLEMAN v. THE STATE.

#### No. 4126.   Decided June 21, 1916.

**1.—Burglary—Indictment—Proof—Variance.**

Where, upon trial of burglary, the indictment alleged that defendant broke and entered the house of C. Suderman with the intent to commit the crime of theft, and the evidence showed that it was the property of C. Suderman, it was wholly unnecessary to place Sr. after his name even through he had a son named C. W. Suderman, and although the property belonged in part to the father and in part to the son, and there was no variance.

**2.—Same—Sufficiency of the Evidence—Accomplice—Explanation—Corroboration.**

Where, upon trial of burglary, the testimony of the accomplice was fully corroborated, and the possession of the stolen property was traced directly into defendant's hands, it was a question of fact for the jury whether they believed his explanation of his possession of the stolen property.

**3.—Same—Witness—Suspended Sentence.**

The fact that the accomplice had been convicted of the same offense would not render him an incompetent witness under suspended sentence.

**4.—Same—Argument of Counsel—Bill of Exceptions.**

Where the bill of exceptions to the argument of State's counsel was not properly verified, the same could not be considered on appeal.

Appeal from the District Court of Galveston.   Tried below before the Hon. Clay S. Briggs.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. Vance Lewis,* for appellant.—On question of incompetent witness: Chambers v. State, 44 S. W. Rep., 495; Newman v. State, 55 Texas Crim. Rep., 273; Barrett v. State, 55 id., 182; Oates v. State, 51 id., 449.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of burglary, and his punishment assessed at two years confinement in the State penitentiary.

The indictment alleges that appellant broke and entered the house of "C. Suderman" with the intent to commit the crime of theft. The evidence shows that the house belonged to Charles Suderman, the father of Charles W. Suderman. That when the house was entered, some automobile tires belonging to the father were taken, and two pistols belonging to the son, Charles W. Suderman, were also stolen. When this developed, appellant contended that the indictment should have been more definite and alleged that the house belonged to Charles Suderman, Sr., instead of alleging only that it belonged to C. Suderman; that there was a Charles Suderman, Sr., and a Charles Suderman, Jr., as shown by the testimony. That the allegation was too indefinite, etc.

The question here raised has been decided adversely to appellant's contention. The indictment alleged the house to be occupied and controlled by "C. Suderman," and when the evidence showed that it was the property of C. Suderman, the father, it was wholly unnecessary to place "Sr." after his name, even though he had a son named C. W. Suderman. Neither was there any variance in the proof and allegations, because the evidence showed that the father was named Charles Suderman and the son Charles W. Suderman, and that the house belonged to C. Suderman, the father, and was in his control and custody, even though the property stolen belonged in part to the father and in part to the son. The allegation was that the house was broken and entered with the intention to commit the crime of theft. The property in the house, regardless of whom it belonged to, was in the care and custody of C. Suderman, the father.

The evidence of David Earls, the accomplice, was fully corroborated. He testified to appellant's breaking and entering the house, while he stood on the outside; that when appellant came out of the house he gave him one of the pistols, which he sold to Charley Stew. Charley Stew testified to purchasing the pistol from Earls, and it was identified as one of the pistols stolen from Suderman's house. Another pistol was stolen at the same time and place, and the evidence of Leon Habine shows he purchased this pistol from appellant. Appellant admits he sold the pistol to Leon Habine, but claimed to have won it gambling. As the possession of the stolen pistols was traced directly into his hands, it was a question of fact to be determined by the jury whether or not they believed his explanation of his possession of the stolen pistol. The verdict evidences the fact that the jury did not believe he won it gambling, but that he took it from the Suderman premises.

The fact that David Earls had been also convicted of the offense of burglarizing this house would not render him an incompetent witness until sentence had been pronounced. As the jury recommended that the sentence of Earls be suspended during good behavior, he remains a competent witness until the suspension shall be revoked and sentence pronounced, if occasion ever arises for such action to be taken.

As the court refused to approve the bill reciting the fact that the county attorney had used certain language, it is not verified in a way that would authorize this court to pass thereon.

The judgment is affirmed.

*Affirmed.*